**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10535 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00004-APG-GWF-24 |
| v. | |
| CAMERON HARRISON, aka Kilobit, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted August 10, 2016
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and PETERSON,** District
Judge.

Defendant Cameron Harrison appeals the imposition of 115 months'

imprisonment following his conviction on two counts under the Racketeer

Influenced and Corrupt Organizations Act and one count of producing and

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Rosanna Malouf Peterson, United States District Judge
for the Eastern District of Washington, sitting by designation.

transferring false identification in violation of 18 U.S.C. § 1028(a)(1). We vacate the sentence and remand for resentencing.

1. The district court did not plainly err by applying a 22-level enhancement under U.S.S.G. § 2B1.1(b)(1)(L)[1] on the ground that the loss was more than $20 million. Defendant participated widely in the criminal enterprise, so it was not obvious that his joint undertaking encompassed less than the full amount lost during the period of his participation.

2. The district court did not plainly err by applying a two-level enhancement under U.S.S.G. § 2B1.1(b)(4) on the ground that Defendant was in the business of receiving and selling stolen property. The district court accepted the factual assertions in the presentence report, to which neither party objected. Although those assertions primarily concerned Defendant's receipt of stolen property, some assertions concerned the sale of property that likely was stolen. Any error in applying this enhancement was not plain.

3. The district court plainly erred by applying a six-level enhancement under U.S.S.G. § 2B1.1(b)(2)(C) on the ground that the crimes "involved 250 or more victims." "[I]n order to be counted as a victim, a person must have sustained

---

[1] All citations to the Sentencing Guidelines are to the version in effect on the date of sentencing.

a loss that is 'monetary or that otherwise is readily measurable in money' and that loss must be included in the loss calculation." United States v. Armstead, 552 F.3d 769, 780–81 (9th Cir. 2008) (quoting U.S.S.G. § 2B1.1 cmt. n.3(A)(iii)). Here, the record clearly identified only four victims who suffered loss, so the court plainly erred by finding that the crimes involved far more victims. Because the error had a large effect on the Guidelines range and the "Guidelines are the framework for sentencing and anchor the district court's discretion," this is not an "unusual" case warranting deviation from the ordinary rule that an incorrect Guidelines range prejudiced Defendant. Molina-Martinez v. United States, 136 S. Ct. 1338, 1345, 1347 (2016) (internal quotation marks and ellipsis omitted).

**VACATED and REMANDED for resentencing on an open record.**